Filed 4/19/23  P. v. Santos CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G061708 |
| v. | (Super. Ct. No. 02CF2639) |
| EDUARDO FLORES SANTOS, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from an order of the Superior Court of Orange County, Lance Jensen, Judge.  Affirmed.

Robert E. Boyce, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*          \*          \*

The trial court denied defendant Eduardo Flores Santos' Penal Code section 1170.95 petition (now Pen. Code, § 1172.6).[1]  The court denied the petition because the jury was not instructed on the felony-murder rule and/or the natural and probable consequences theory:  "Based on the jury instructions, petitioner was convicted as the actual killer and would still be guilty of murder under current law."  Santos filed a notice of appeal.  Appointed appellate counsel filed an opening brief raising no arguable issues. (See *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Santos did not file a supplemental brief on his own behalf.

In the interests of justice, this court has reviewed the record and found no arguable issues.  (See *People v. Delgadillo* (2022) 14 Cal.5th 216, 230 ["if the appellate court wishes, it may also exercise its discretion to conduct its own independent review of the record in the interest of justice"].)  Thus, we affirm the order of the trial court.

I

PROCEDURAL HISTORY

In 2003, a jury convicted Santos of murder and found true an allegation he personally used a knife in the commission of the crime.  The court sentenced Santos to a prison term of 15 years to life.  This court affirmed the judgment on appeal.  (*People v. Santos* (Aug. 18, 2020, G057886) [nonpub. opn.].)

In 2022, Santos filed a postjudgment petition seeking to vacate his murder conviction and to be resentenced.  (§ 1172.6.)  The prosecution filed a response, which included a copy of the information, the jury instructions used in the 2003 trial, a copy of the verdict forms, and the underlying unpublished opinion.

In August 2022, the trial court conducted a prima facie hearing and denied

---

[1] Further undesignated statutory references are to the Penal Code.  The Legislature renumbered former section 1170.95 without substantive change, effective June 30, 2022. (Stats. 2022, ch. 58, § 10.)

Santos' petition in a written ruling. The court found: "Petitioner was prosecuted alone. The jury instructions do not disclose any other potential co-defendant or perpetrator who could have been responsible for the instant offense. The jury was not instructed regarding felony murder, aiding and abetting, or the natural and probable consequences doctrine." The court concluded: "Based on the jury instructions, petitioner was convicted as the actual killer and would still be guilty of murder under current law. He thus fails to establish a prima facie case for resentencing." Santos' trial counsel filed a notice of appeal on defendant's behalf.


II

DISCUSSION

When appointed counsel has identified no arguable issues on appeal, the appellate court independently reviews the record for any arguable issues. (*Wende*, *supra*, 25 Cal.3d at pp. 441-442.) Generally, "an arguable issue on appeal consists of two elements. First, the issue must be one which . . . is meritorious. That is not to say that the contention must necessarily achieve success. Rather, it must have a reasonable potential for success. Second, if successful, the issue must be such that, if resolved favorably to the appellant, the result will either be a reversal or a modification of the judgment." (*People v. Johnson* (1981) 123 Cal.App.3d 106, 109.)

Here, after independently reviewing the record, we have similarly found no arguable issues. (See *Wende*, *supra*, 25 Cal.3d at p. 442.) The absence of an instruction on the natural and probable consequences doctrine and/or the felony-murder rule confirms Santos is ineligible for relief under section 1172.6 as a matter of law. Thus, the trial court properly denied the section 1172.6 petition. (See *People v. Lewis* (2021) 11 Cal.5th 952, 961-970.)

3

## III

## DISPOSITION

The order is affirmed.


MOORE, J.

WE CONCUR:


BEDSWORTH, ACTING P. J.


GOETHALS, J.